Anthony I. Paronich, *Subject to Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>HATTEN HOLDINGS, INC. D/B/A MOUNTAINSIDE FITNESS<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1.      Chet Michael Wilson ("Plaintiff") brings this class action against Hatten Holdings, Inc. d/b/a Mountainside Fitness ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**PARTIES**

3.      Plaintiff is a natural person.

4.      Defendant is a corporation that resides in this District.

**JURISDICTION AND VENUE**

5.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6.      This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

**INTRODUCTION**

7.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

9.      Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

10.      That telephone number is the Plaintiff's residential number.

11.      The Plaintiff uses that number for personal and household purposes.

12.      Mr. Wilson does not have a landline telephone number in his home.

13.      Mr. Wilson uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

14.      Mr. Wilson uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

15.      Mr. Wilson is not reimbursed by a business for his cell phone plan.

16.     Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

17.     Defendant placed calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

18.     Defendant delivered, or caused to be delivered, text messages to telephone number (541) XXX-9999 in May of 2024.

19.     Some of the text entries are below:

**+18668240807**
✓ Received
5/29/2024 10:55:34.000 AM
You've agreed to receive messages from Mountainside Fitness Centers. Reply STOP to unsubscribe or HELP for help. Msg&Data rates may apply.

**+18668240807**
✓ Received
5/29/2024 10:55:24.000 AM
Mountainside Fitness Summer Personal Training Deals won't be here for long! Shop now: https://mountainsidefitness.com/product/summer-strong/

**+18668240807**

✓ Received
5/31/2024 8:56:00.000 AM

Last Chance! Mountainside Fitness Summer Personal Training Deals are leaving soon! Shop now: https://mountainsidefitness.com/product/summer-strong/
Reply stop to stop

20.     Defendant delivered, or caused to be delivered, the subject text messages to telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered telephone number (541) XXX-9999 with the DNC Registry.

21.     The subject text messages were intended for someone other than, and unknown to, Plaintiff.

22.     The purpose of the subject text messages was to advertise and market Defendant's business or services.

23.     Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (541) XXX-9999.

24.     Plaintiff did not request information or promotional materials from Defendant.

25.     Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

26.     Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-9999 was registered with the DNC Registry.

**CLASS ALLEGATIONS**

CLASS ACTION COMPLAINT
-5-

27.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons throughout the United States (1) who did not provide their telephone number to Hatten Holdings, Inc. d/b/a Mountainside Fitness, (2) to whom Hatten Holdings, Inc. d/b/a Mountainside Fitness delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Hatten Holdings, Inc. d/b/a Mountainside Fitness goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Hatten Holdings, Inc. d/b/a Mountainside Fitness delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

29.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

31.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

32.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

33.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

35.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## <u>COUNT I</u>
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

36.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

37.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

38.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be

initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

39.    These violations were willful or knowing.

40.    As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

41.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.    Certification of the classes as alleged herein;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned as counsel for the Classes;

D.    Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E.    Attorneys' fees and costs, as permitted by law; and

F.    Such other or further relief as the Court deems just and proper.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 1st day of May, 2025.

By: */s/ Anthony I. Paronich*

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-9-