Matthew W.H. Wessler*
Michael Skocpol*
GUPTA WESSLER LLP
2001 K Street NW, Suite 850 North
Washington, DC 20006
Telephone: (202) 888-1741
michael@guptawessler.com

Anthony Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff Chet Michael Wilson*

*admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chet Michael Wilson, individually and as representatives of the class,<br><br>Plaintiff,<br><br>v.<br><br>Mountainside Fitness Acquisition LLC,<br><br>Defendant. | Case No. 2:25-cv-01481-MTL<br><br>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY |

1    Plaintiff submits this notice of supplemental authority to alert the Court to *Wilson v. Medvidi, Inc.*, 2025 WL 2856295 (N.D. Cal. Oct. 7, 2025), a decision issued earlier this week that bears on the pending motion to dismiss in this case, ECF 13.

*Medvidi* holds that "a 'telephone call' as used in 47 U.S.C. § 227(c) encompasses … text messages." 2025 WL 2856295, at *4. Analyzing § 227(c)'s text, *Medvidi* reaffirms the Ninth Circuit's holding that the meaning of the word "call" at the time of the TCPA's enactment "refers to both oral and written communications." *Id.* at *2 (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 & n.3 (9th Cir. 2009)). And it explains that "the purpose and structure of the TCPA" reinforce that interpretation, making "clear that Congress was more concerned with the purpose of the telephone communications it proscribed in the TCPA than the form in which those communications are transmitted." *Id.* at *3. *Medvidi* thus agrees with the FCC that "the term 'call' includes a text message" based on "the plain meaning of the statutory text as it has been understood by consumers, the FCC, and courts since the TCPA's passage." *Id.*

*Medvidi* also rejects specific arguments that Defendant has made here. For example, Defendant has argued that "text messaging was not an available technology in 1991, and thus 'telephone call' would not have included text or SMS messages." ECF 13 at 14. *Medvidi* considers and rejects essentially the same argument, explaining that a proper analysis "looks to the plain meaning of the text rather than the specific facts or technology that Congress may have had in mind in 1991 at the time of the TCPA's passage." 2025 WL 2856295, at *2 (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998)).

Defendant has also argued that the Ninth Circuit's and the FCC's interpretation of the word "call" "does not control here" because both first interpreted the term in the context of § 227(b), the statute's autodialer provisions. ECF 20 at 5–6; *see also id.* at 8–9. *Medvidi* rejects the "position that the term 'call' has a different meaning in section 227(b) and section 227(c)," reasoning that such arguments "fail[] to give consistent meaning to the same term" throughout the statute. 2025 WL 2856295, at *3.

A copy of the order in *Medvidi* is attached as **Exhibit A**.

RESPECTFULLY SUBMITTED this 10th day of October, 2025,

>Matthew W.H. Wessler*
>Michael Skocpol*
>GUPTA WESSLER LLP
>2001 K Street NW, Suite 850 North
>Washington, DC 20006
>Telephone: (202) 888-1741
>michael@guptawessler.com
>
>Anthony Paronich
>PARONICH LAW PC
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone: (508) 221-1510
>anthony@paronichlaw.com
>
>By:   /s/ Michael Skocpol
>         Michael Skocpol
>
>*Counsel for Plaintiff and the Proposed Class*
>
>*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, a true and correct copy of the foregoing notice of supplemental authority was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: October 10, 2025     By:   /s/ Michael Skocpol
                                  Michael Skocpol

- 3 -