Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Suite 600
Phoenix, AZ 85004-2322
TELEPHONE 602-229-5200

John M. O'Neal (015945)
John.ONeal@quarles.com
Zachary S. Foster (FL #111980) (*admitted Pro Hac Vice*)
Zachary.Foster@quarles.com
John H. Contrera (039704)
Jack.Contrera@quarles.com

*Attorneys for Defendant Mountainside Fitness Acquisition, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chet Michael Wilson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>Mountainside Fitness Acquisition, LLC<br><br>Defendant. | NO. 2:25-cv-01481-MTL<br><br>**DEFENDANT MOUNTAINSIDE FITNESS ACQUISITION, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Mountainside Fitness Acquisition, LLC ("Mountainside") hereby submits this notice of supplemental authority to alert the Court to *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025), a decision issued last week that bears on the pending Motion to Dismiss in this case, ECF 13.

*El Sayed* holds that "the statutory text [of the TCPA] is clear, and a text message is not a 'telephone call.'" *Id.* at *2 (quoting *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025). The *El Sayed* court reached this conclusion on two discrete but equally dispositive grounds. First, the court found that, in common American English usage, a "telephone call" and "text message" are separate and distinct forms of communication. *Id.* Second, Congress clearly understood the difference between a telephone call and a text message, and "legislated mindful of the distinction" when drafting Section 227(c)(5). *Id.* (citing Consolidated Appropriations Act, 2018, Pub. L. No. 115-141,

1  div. P, § 503(a) (codified at 47 U.S.C. §§ 227(e)(8)(A)–(B)) (distinguishing between "a call made using a voice service" and "a text message sent using a text messaging service"). *El Sayed* aligns with Mountainside's argument that text messages are not telephone calls under Section 227(c)(5) and therefore do not confer a private right of action to Plaintiff in this case. *See id.* at *2 ("The omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'").

The *El Sayed* decision also rejects certain arguments put forward by Plaintiff in its Opposition, ECF 17. For instance, when Plaintiff argues that the word "call" in the TCPA includes text messages, it relies heavily on FCC guidance to make its point. *See* ECF 17 at 13 ("[T]he FCC has recognized since 2003 that when the TCPA says 'call,' it means not just traditional voice calls but also modern text messages."); and at *8 ("[T]he FCC's position is the best reading of the statute's text."). But the *El Sayed* decision specifically rejects Plaintiff's position. The court recognized the voice call provisions of the TCPA have only been extended to text messages via the rulemaking authority of the FCC, and that District Courts are now no longer "bound by the FCC's interpretation of the TCPA." *Id.* at *1 (quoting *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025)). As such, when one reads Section 227(c)(5), "the text is clear, [and] the analysis begins and ends there." *Id.* (quoting *Davis,* 2025 WL 2491195, at *1). Because Section 227(c)(5) is written to apply only to "telephone calls", and the phrase "text message" is entirely absent from same, the statute applies only to a "telephone call."

A copy of the order in *El Sayed* is attached hereto as **Exhibit A.**

RESPECTFULLY SUBMITTED this 27th day of October, 2025.

        QUARLES & BRADY LLP
        One Renaissance Square
        Two North Central Avenue, Suite 600
        Phoenix, AZ  85004-2322

        By: */s/ John M. O'Neal*
            John M. O'Neal

        *Attorney for Defendant Mountainside Fitness Acquisition LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

                                          */s/ Debra L. Hitchens*