1  Matthew W.H. Wessler*
2  Michael Skocpol*
   GUPTA WESSLER LLP
3  2001 K Street NW, Suite 850 North
4  Washington, DC 20006
   Telephone: (202) 888-1741
5  michael@guptawessler.com

6
   Anthony Paronich
7  PARONICH LAW PC
   350 Lincoln Street, Suite 2400
8  Hingham, MA 02043
9  Telephone: (508) 221-1510
   anthony@paronichlaw.com
10

11 *Counsel for Plaintiff Chet Michael Wilson*

12 *admitted pro hac vice

13
14                 IN THE UNITED STATES DISTRICT COURT
15                      FOR THE DISTRICT OF ARIZONA

16 | Chet Michael Wilson, individually and as a representative of the class, | Case No. 2:25-cv-01481-MTL |
17 |                                  |                                  |
   |         Plaintiff,               | **PLAINTIFF'S RESPONSE TO**      |
18 |                                  | **DEFENDANT'S NOTICE OF**        |
   | v.                               | **SUPPLEMENTAL AUTHORITY**       |
19 |                                  |                                  |
20 | Mountainside Fitness Acquisition LLC, |                              |
21 |         Defendant.               |                                  |

22
23
24
25
26
27
28

1       Defendant cites *El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759 (M.D. Fla. 2025). *See* ECF 22. *El Sayed* primarily agrees with the assertion in *Davis v. CVS Pharmacy, Inc.*, that "the statutory text here is clear." *El Sayed*, 2025 WL 2997759, at *2 (quoting *Davis*, 2025 WL 2491195, at *1 (N.D. Fla. 2025)). As explained previously, *Davis*'s reading of "call" improperly relies on modern parlance rather than "evidence of [a] term's meaning at the time of [a statute]'s adoption." ECF 17 at 14–15 (quoting *New Prime Inc. v. Oliveira*, 586 U.S. 105, 114 (2019)). And Ninth Circuit precedent forecloses its interpretation, by holding that "the ordinary, contemporary, common meaning" of "call" in the TCPA includes text messages. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 & n.3 (9th Cir. 2009); *see* ECF 17 at 13.

      Through *El Sayed*, Mountainside also makes a brand new argument: It asserts that a provision added to the TCPA in 2018 distinguishes between calls and texts. ECF 22 at 1–2 (citing 47 U.S.C. § 227(e)(8)(A)–(B)). But that argument fails.

      *First*, § 227(e)(8) doesn't change the meaning of § 227(c). The 2018 legislation says that nothing therein "shall be construed to modify, limit, or otherwise affect any rule or order adopted by the [FCC] in connection with [the TCPA]." Consolidated Appropriations Act of 2018, Pub. L. No. 115–141, § 503, 105 Stat. 348, 1094. So Congress disavowed any intent to disturb the FCC's longstanding interpretation that "call" includes text messages. And anyway, "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 355 (1998). That's especially true here; text messages were ubiquitous in 2018 but nonexistent in 1991, so it's natural for them to be discussed more specifically in the later-enacted statute.

      *Second*, even if those later-added provisions *were* relevant, they would merely confirm that texts *are* calls in the lexicon of the TCPA. Section 227(e)(8) prohibits false or misleading "*caller* identification information," defined as information about the source of either "[1] a call made using a voice service or [2] a text message sent using a text messaging service." 47 U.S.C. § 227(e)(8)(A) (emphasis added). So it classifies a "text message" as something that is done by a "caller," just like a traditional voice call is.

- 1 -

RESPECTFULLY SUBMITTED this 29th day of October, 2025,

Matthew W.H. Wessler*
Michael Skocpol*
GUPTA WESSLER LLP
2001 K Street NW, Suite 850 North
Washington, DC 20006
Telephone: (202) 888-1741
michael@guptawessler.com

Anthony Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

By:  /s/ Michael Skocpol
     Michael Skocpol

*Counsel for Plaintiff and the Proposed Class*

*admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, a true and correct copy of the foregoing notice of supplemental authority was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: October 29, 2025                By:   /s/ Michael Skocpol
                                                                               Michael Skocpol