Matthew W.H. Wessler*
Michael Skocpol*
GUPTA WESSLER LLP
2001 K Street NW, Suite 850 North
Washington, DC 20006
Telephone: (202) 888-1741
matt@guptawessler.com

Anthony Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff Chet Michael Wilson*

*admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chet Michael Wilson, individually and as representatives of the class,<br><br>Plaintiff,<br><br>v.<br><br>Mountainside Fitness Acquisition LLC,<br><br>Defendant. | Case No. 2:25-cv-01481-MTL<br><br>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY |

Plaintiff Chet Michael Wilson submits this notice of supplemental authority to alert the Court the two recent decisions that bear on the pending motion to dismiss, ECF 13.

1. *Wilson v. Better Mortgage Corp.*, 2025 WL 3493815 (S.D.N.Y. Dec. 5, 2025), addresses one of the issues here: whether a "telephone call" as that term is used in 47 U.S.C. § 227(c)(5) encompasses text messages sent to numbers listed on the National Do Not Call List. It answers that question yes: It "holds, in accord with a growing consensus of case law, that § 227(c) of the TCPA applies to text messages." *Id.* at *5.

*Better Mortgage* summarizes its reasoning as follows: "[T]he ordinary public meaning of 'telephone call' in § 227(c) meant a communication by telephone, which encompasses text messages. That reading is supported by § 227(c)'s context and purpose; the uniform construction of neighboring § 227(b); the significant weight of case authority; and the FCC's consistent interpretation." *Id.* at *9.

As to the text, *Better Mortgage* holds, in accord with other authorities Plaintiff has previously cited, that the "ordinary public meaning" of "telephone call" in 1991 "encompassed any communication made using a telephone" and "was therefore not limited to oral or vocal communications." *Id.* at 5. It then considers and rejects contrary arguments identical to those that Mountainside has made here. *See id.* at *5–6.

As to the statutory context, *Better Mortgage* identifies a broad consensus that text messages are covered by neighboring section 227(b), which "strongly suggests that § 227(c)'s parallel usage of 'telephone calls' applies to text messages." *Id.* at *6–7. It also concludes that "§ 227(c), if anything, was intended to reach broader telephonic communications than § 227(b)," because its purpose is "protecting subscribers from telephone solicitations, not on any one form of such solicitations." *Id.* at *7–8.

*Better Mortgage* also reviews the relevant FCC orders and finds the agency's position "persuasive" because it "accords … with the statute's text, purpose, and context, and is informed by the agency's subject matter expertise." *Id.* at *8.

Finally, *Better Mortgage* surveys recent decisions on this issue. *See id.* at *9. It concludes that "the significant weight of case authority" supports interpreting "call" to

include texts—even when considering only cases that "are not called into question by *Loper Bright*." *Id.* It also notes that Mountainside's three contrary cases all rest on "flawed" reasoning. *Id.*

A copy of the order in *Better Mortgage* is attached as **Exhibit A**.

2. *Esquivel v. Mona Lee, Inc.*, 2025 WL 3275607 (S.D. Cal. Nov. 24, 2025), addresses the impact of *McLaughlin Chiropractic Associates v. McKesson Corp.*, 606 U.S. 146 (2025), and *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), on the issue presented here. 2025 WL 3275607, at *3. *Esquivel* recognizes that "[a]lthough FCC guidance is no longer binding on district courts, its regulations can still inform a district court's analysis." *Id.* Finding those regulations persuasive, it holds that "the language of the TCPA, precedent, and FCC regulatory guidance" all support a conclusion that text messages give "rise to a cause of action under Section 227(c)(5)." *Id.*

A copy of the order in *Esquivel* is attached as **Exhibit B**.

RESPECTFULLY SUBMITTED this 15th day of December, 2025,

    Matthew W.H. Wessler*
    Michael Skocpol*
    GUPTA WESSLER LLP
    2001 K Street NW, Suite 850 North
    Washington, DC 20006
    Telephone: (202) 888-1741
    michael@guptawessler.com
    *admitted pro hac vice*

    Anthony Paronich
    PARONICH LAW PC
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    Telephone: (508) 221-1510
    anthony@paronichlaw.com
    By:  /s/ Michael Skocpol
        Michael Skocpol

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, a true and correct copy of the foregoing notice of supplemental authority was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: December 15, 2025         By:   /s/ Michael Skocpol
                                       Michael Skocpol