Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Suite 600
Phoenix, AZ  85004-2322
TELEPHONE 602-229-5200

John M. O'Neal (015945)
John.ONeal@quarles.com
Zachary S. Foster (FL #111980) (*admitted Pro Hac Vice*)
Zachary.Foster@quarles.com
John H. Contrera (039704)
Jack.Contrera@quarles.com

*Attorneys for Defendant Mountainside Fitness Acquisitions, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chet Michael Wilson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Mountainside Fitness Acquisitions, LLC<br><br>Defendant. | NO. 2:25-cv-01481-MTL<br><br>**DEFENDANT MOUNTAINSIDE FITNESS ACQUISITIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Mountainside Fitness Acquisitions, LLC ("Mountainside"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff Chet Michael Wilson ("Plaintiff"). Except where expressly admitted, Mountainside denies each and every allegation in the Complaint and responds to each paragraph as follows:

## CLASS ACTION COMPLAINT

1. Mountainside admits that Plaintiff purports to bring this action on behalf of a putative class. Mountainside denies all remaining allegations in Paragraph 1 and expressly denies that it violated the Telephone Consumer Protection Act ("TCPA") and that the putative class satisfies the requirements of Rule 23, Federal Rules of Civil Procedure.

2. The allegations in Paragraph 2 constitute a legal conclusion to which no response is required of Mountainside. To the extent a response is required, Mountainside denies the allegations in Paragraph 2.

**PARTIES**

3. In response to Paragraph 3, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 3.

4. Mountainside admits only that it is a limited liability company with its principal place of business in the District of Arizona and denies the remaining allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. The allegations in Paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is required, Mountainside admits only that this Court has subject matter jurisdiction and denies the remaining allegations in Paragraph 5.

6. The allegations in Paragraph 6 constitute a legal conclusion to which no response is required. To the extent a response is required, Mountainside admits only that the Court has subject matter and personal jurisdiction and denies the remaining allegations in Paragraph 6.

**INTRODUCTION**

7. In response to Paragraph 7, Mountainside states that the text and content of the materials cited in that paragraph are self-evident. Mountainside expressly denies that the characterizations of the materials cited are accurate or apply to the claims and defenses in this matter. Mountainside denies the remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Mountainside states that the text and content of the materials cited in that paragraph are self-evident. Mountainside expressly denies that the characterizations of the materials cited are accurate or apply to the claims and defenses in this matter. Mountainside denies the remaining allegations in Paragraph 8.

**PLAINTIFF'S ALLEGATIONS**

9. In response to Paragraph 9, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 9.

10. In response to Paragraph 10, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 10.

11. In response to Paragraph 11, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 11.

12. In response to Paragraph 12, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 12.

13. In response to Paragraph 13, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 13.

14. In response to Paragraph 14, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 14.

15. In response to Paragraph 15, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 15.

16. In response to Paragraph 16, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 16.

17. Mountainside denies the allegations in Paragraph 17.

18. Mountainside denies the allegations in Paragraph 18.

19. Mountainside denies the allegations in Paragraph 19.

20. In response to Paragraph 20, Mountainside lacks sufficient knowledge or

1  information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 20.

2  21.  Mountainside denies the allegations in Paragraph 21.

3  22.  Mountainside denies the allegations in Paragraph 22.

4  23.  In response to Paragraph 23, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 23.

5  24.  In response to Paragraph 24, Mountainside lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 24.

6  25.  Mountainside denies the allegations in Paragraph 25.

7  26.  Mountainside denies the allegations in Paragraph 26.

## CLASS ALLEGATIONS

27.  In response to Paragraph 27, Mountainside incorporates and restates its responses to the preceding Paragraphs 1 through 26, as if fully set forth herein.

28.  In response to Paragraph 28, Mountainside admits only that Plaintiff purports to bring this action as a representative of a putative class. Mountainside denies the remaining allegations in Paragraph 28 and expressly denies that any action or class is authorized by Federal Rule of Civil Procedure 23.

29.  In response to Paragraph 29, Mountainside admits only that Plaintiff purports to exclude certain individuals from the putative class. Mountainside denies the remaining allegations in Paragraph 29 and expressly denies that any action or class is authorized by Federal Rule of Civil Procedure 23.

30.  Mountainside denies the allegations of Paragraph 30.

31.  Mountainside denies the allegations in Paragraph 31.

32.  Mountainside denies the allegations in Paragraph 32.

33.  Mountainside denies the allegations of Paragraph 33.

34.  Mountainside denies the allegations of Paragraph 34.

35.  Mountainside denies the allegations of Paragraph 35.

## COUNT I

## Violations of the TCPA, 47 U.S.C. § 227

## (On Behalf of Plaintiff and the National DNC Class)

36.  In response to Paragraph 36, Mountainside incorporates and restates its responses to the preceding Paragraphs 1 through 35, as if fully set forth herein.

37.  In response to Paragraph 37, Mountainside states that the text of 47 C.F.R. 64.1200 is self-evident. To the extent any portion of the statute is being mischaracterized or misapplied to Mountainside's conduct, Mountainside denies any such allegations.

38.  Mountainside denies the allegations in Paragraph 38.

39.  Mountainside denies the allegations in Paragraph 39.

40.  Mountainside denies the allegations in Paragraph 40.

41.  Mountainside denies the allegations in Paragraph 41.

## DEFENSES AND AFFIRMATIVE DEFENSES

Mountainside asserts the following defenses and affirmative defenses:

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted against Mountainside and must, therefore, be dismissed.

2.  Plaintiff's and/or putative class members' claims are barred in whole or in part by the applicable statutes of limitations.

3.  Plaintiff's and/or putative class members' claims are barred by the doctrine of unclean hands.

4.  Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the applicable doctrine of laches.

5.  Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrine of waiver.

6.  Plaintiff and/or putative class members are estopped from claiming any damages, or have otherwise waived any such claims or damages, to the extent Plaintiff and/or putative class members have attempted to induce Mountainside to violate the TCPA

by specifically requesting that Mountainside contact Plaintiff and/or putative class members, and therefore assisted, directed, ordered, approved and/or ratified Mountainside's conduct by specifically requesting that Mountainside contact Plaintiff and/or putative class members and Mountainside relied on Plaintiff's and/or putative class members' actions to its detriment.

7. Plaintiff and/or putative class members lack standing to bring these claims because Plaintiff has not suffered any injury-in-fact that was concrete and particularized, and actual or imminent.

8. Plaintiff's and/or putative class members' claims are barred because they gave prior express written consent for his cellular telephone to be called by the calling party.

9. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because at all times Plaintiff and/or putative class members provided, invited or gave express or implied consent, invitation, or permission to Mountainside's conduct as described in the Complaint. The Complaint and each cause of action contained therein are barred as a matter of law.

10. Plaintiff's and/or putative class members' claims are barred because of the existence of an established business relationship with the calling party.

11. To the extent any violation of the TCPA was committed by any agents or employees, such conduct was unauthorized, outside the ambit of their duties, and in violation of established company policies, precluding vicarious liability.

12. No act or omission of Mountainside was a substantial factor in bringing about the damages alleged, nor was any act or omission of Mountainside a contributing cause thereof. Any alleged acts or omissions of Mountainside were superseded by the acts or omissions of others, including Plaintiff and/or the putative class members, or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff and/or putative class members. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff's and/or putative class members' injuries, if any, were caused and/or

contributed to, in whole or in part, by the actions of parties other than Mountainside or for whom Mountainside has no control and/or who may have called Plaintiff and/or putative class members identifying Mountainside's services, goods or products without Mountainside's consent or knowledge. Rights and causes of action arising under the TCPA are not assignable. Any proposed or putative assignment of such rights and causes of action to Plaintiff and/or putative class members are therefore invalid, and Plaintiff and/or putative class members lack standing to sue or recover thereon.

13. Plaintiff's and/or putative class members' claims are barred to the extent that they did not personally register their residential or cellular telephone number on the National Do Not Call Registry.

14. To the extent the TCPA is applied against Mountainside in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Eighth Amendment to the United States Constitution.

15. Plaintiff's and/or putative class members' claims are barred to the extent they are subject to any agreement prohibiting such claims, including agreements containing a class action waiver or otherwise requiring arbitration of the claims.

16. Plaintiff and/or putative class members cannot carry their burden of showing that any action of Mountainside was willful or knowing. Moreover, Plaintiff and/or putative class members are not entitled to treble damages because Mountainside did not act willfully or knowingly.

17. The Complaint, and each claim asserted therein, is barred, in whole or in part, because Plaintiff and/or putative class members are not within the "zone of interests" of persons and entities that the TCPA was created to affect.

18. Mountainside has established and implemented, with due care, reasonable practices, training, and procedures to effectively prevent telephone solicitations and/or calls

in violation of the TCPA and/or in violation of the regulations prescribed under the TCPA.

19. Plaintiff's and/or putative class members' claims against Mountainside are barred, in whole or in part, by the TCPA's "safe harbor provision," as provided for by 47 C.F.R. § 64.1200(c)(2).

20. Plaintiff's and/or putative class members' claims are barred because any alleged acts or omissions giving rise to the alleged claims were the result of an innocent mistake by the calling party and/or bona fide error notwithstanding the establishment and implementation of reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. All actions by the calling party were taken at all times in a reasonable manner in connection with the events at issue in this case and no knowing or willful violations of the TCPA occurred with respect to Plaintiff or the proposed class.

21. Plaintiff's and/or putative class members' claims are barred to the extent that Plaintiff and/or putative class members were not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

22. Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, the identities of the putative class members are not determinable, there are no common questions of law and fact, such questions do not predominate over individual issues, Plaintiff's claims are not in any way typical of the class she seeks to represent, and the individualized issues raised by Plaintiff's claims cannot be adjudicated on a class-wide basis. Further, Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

23. Mountainside reserves the right to assert additional defenses and affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Mountainside respectfully requests that this Court enter an Order granting judgment in its favor, dismissing Plaintiff's Class Action Complaint with

1  prejudice, awarding Mountainside its attorneys' fees and costs, and for any other relief this Court deems just and fair.

RESPECTFULLY SUBMITTED this 23rd day of January, 2026.

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ  85004-2322

By: */s/ John M. O'Neal*
John M. O'Neal
Zachary S. Foster
John H. Contrera

*Attorneys for Defendant Mountainside Fitness Acquisitions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Pam Worth*