Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chet Michael Wilson, individually and as representatives of the class,<br><br>Plaintiff,<br><br>v.<br><br>Mountainside Fitness Acquisitions, LLC,<br><br>Defendant. | Case No. 2:25-cv-01481-MTL<br><br>**JOINT RULE 26(f) CASE MANAGEMENT REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's January 9, 2026, Rule 16 Order (ECF No. 30), Plaintiff and Defendant submit the following Joint Case Management Report:

**1.     Attendance**

Counsel for Plaintiff, Anthony Paronich of Paronich Law, P.C., and counsel for Defendant, Zachary S. Foster of Quarles & Brady LLP, attended the Rule 26(f) meeting and participated in developing this report.

**2.     List of Parties**

The Plaintiff Chet Michael Wilson, who does not have any parent corporations or related entities.

The Defendant Mountainside Fitness Acquisitions, LLC.

**3.     Nature of Case**

This matter arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant delivered multiple unsolicited marketing text messages to his cellular telephone number, which was registered on the National Do Not Call Registry more than thirty days prior. Plaintiff contends that he did not provide consent to receive such messages, that the texts were intended to market Defendant's services, and that he suffered an invasion of privacy and nuisance.

Defendant denies Plaintiff's allegations and raises defenses based on statute of limitations, unclean hands, laches, waiver, estoppel, lack of standing, prior express written consent, express or implied consent, an established business relationship, unauthorized conduct of agents or employees, lack of proximate cause, lack of registration on the Nation Do Not Call Registry, lack of willful or knowing conduct, due process, release, outside the zone of interest, safe harbor, bona fide error, lack of actual damage, and lack of certifiability of the putative class. Defendant reserves the right to assert additional defenses in the event discovery indicates that they may be appropriate.

**4.     Principal Factual and Legal Disputes**

**A.  The principal legal issues**

- Whether Defendant placed marketing text messages;
- Whether Plaintiff and the proposed class consented to receive the calls;

- Whether Defendant's conduct was willful or knowing, warranting treble statutory damages;
- Whether Plaintiff is entitled to injunctive relief; and
- Whether the proposed class meets the requirements of Rule 23.

**B. The principal factual issues**

- Whether Defendant placed the alleged text messages to the Plaintiff;
- Whether Plaintiff or any class member provided prior express consent;
- Whether Plaintiff or any class member registered their telephone number on the National Do Not Call Registry;
- The volume and scope of Defendant's prerecorded calling and texting activity; and
- Whether Defendant's calling practices were systematic and consistent across the proposed class.

**5.    Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law. Venue is proper in this District because Defendant resides in Arizona and because the events giving rise to the claims occurred here.

**6.    Service**

All parties have been served.

**7.    Additions and Amendments**

The parties do not presently anticipate adding additional parties or amending pleadings but reserve the right to do so should discovery warrant.

**8.     Forthcoming Motions**

Plaintiff anticipates filing a motion for class certification after discovery, and reserves the right to file motions to compel discovery if necessary.

Defendant anticipates filing motion(s) for summary judgment.

**9.     Related Cases**

The parties are not aware of related cases pending before other courts or judges in this District involving this Defendant.

**10.    Settlement and Dispute Resolution**

The parties have discussed settlement prospects but do not currently request referral to a Magistrate Judge for a settlement conference.

**11.    Consent to Magistrate Judge**

The parties do not consent to transfer of this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**12.    Electronically Stored Information (ESI)**

The parties will preserve relevant electronically stored information, including but not limited to outbound text logs, dialer records, and any evidence of consumer consent. The parties agree to produce ESI in a reasonably usable format, such as searchable PDFs or Excel/CSV files, and will meet and confer if disputes arise.

**13.    Work Production or Privilege**

The parties do not anticipate any unique issues, but will enter into a protective order.

**14.    Necessary Discovery Within the Scope of Rule 26(b)(1)**

Discovery in this matter will focus on Plaintiff's individual claims and Defendant's telemarketing and text messaging practices, including the systems, vendors, policies, and procedures used to send the subject text messages, the identity and size of the putative class, the adequacy of Plaintiff to serve as class representative, the typicality of Plaintiff's claims relative to the putative class, and issues relating to consent and compliance with the Telephone Consumer Protection Act.

      **a.    Extent, Nature, and Location of Discovery and Proportionality**

The parties anticipate that discovery will include written discovery and depositions concerning Defendant's text messaging platforms, dialers, and vendors used to send marketing text messages. Discovery will also address logs or databases reflecting outbound text messages, including the dates, times, content, and recipient telephone numbers associated with those messages.

The parties further anticipate discovery relating to records of consumer consent as well as Defendant's policies, training materials, and compliance procedures regarding the TCPA and applicable Do Not Call regulations. Discovery is also expected to include contracts, agreements, and communications between Defendant and any third-party marketing vendors, along with records sufficient to identify members of the putative class.

The parties further anticipate written discovery and depositions relating to Plaintiff's individual claims.

      **b.    Changes to Discovery Limitations**

At this time, the parties do not jointly propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure. The parties reserve the right to seek modification of those limitations, including additional depositions, including but not limited to instances where class certification discovery or merits discovery warrant such relief.

    **c.**    **Depositions**

The parties propose that each deposition be limited to seven hours, consistent with Rule 30(d)(1) of the Federal Rules of Civil Procedure, unless otherwise agreed by the parties or ordered by the Court.

    **15.**    **Proposed Deadlines**

    **a.**    **Deadline to Amend Pleadings --** The parties propose that the deadline to amend pleadings be Monday, May 18, 2026.

    **b.**    **Deadline for Joint Stipulated Protective Order --** The parties propose that any joint stipulated protective order be lodged with the Court by Friday, March 20, 2026, if such an order is necessary.

    **c.**    **Fact Discovery Cutoff --** The parties propose that fact discovery be completed by Friday, September 25, 2026. This date will also serve as the deadline for pretrial disclosures pursuant to Rule 26(a)(3), and discovery requests and depositions must be served or noticed sufficiently in advance to allow for completion by this deadline.

    **d.**    **Expert Disclosures --** The parties propose that Plaintiff's expert disclosures be served by Monday, October 26, 2026, that Defendant's expert disclosures be served by Wednesday, November 25, 2026, rebuttal expert disclosures by Wednesday,

December 30, 2026, and that expert discovery be completed by Friday, January 29, 2027. Expert discovery and disclosures will proceed as required by Rule 26(a)(2).

   **e.** **Case-Specific Deadlines --** The parties propose that Plaintiff file any motion for class certification by Monday, November 9, 2026. The parties further propose that dispositive motions be filed by Friday, January 29, 2027, following the completion of expert discovery and any class certification proceedings.

   **f.** **Settlement Discussions --** The parties propose that they engage in good-faith settlement discussions no later than Friday, June 19, 2026. To date, the parties have exchanged preliminary settlement positions but have not engaged in formal settlement negotiations.

   **g.** **Joint Mediation Plan --** The parties propose that a joint mediation plan be filed within fourteen days of the Court's ruling on class certification, unless the parties mutually agree to pursue mediation at an earlier stage.

**16.** **Request for Jury Trial**

   a. Plaintiff has demanded a jury trial in his Complaint, and Defendant does not contest that demand.

**17.** **Trial**

   a. Plaintiff estimates that the case will be ready for trial within 24 months of the filing of the Complaint and anticipates a trial length of approximately five to seven days.

**18.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

a. None at this time. The content of this report is based on the Parties' estimations at this time and is not intended to constitute an exhaustive and exclusive list of the issues and matters in this case. The Parties reserve the right to change or add to the statements made in this joint report as the case progresses.

Dated: February 6, 2026

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100


/s/ Dennis L Hall
Dennis L. Hall
Dennis L. Hall, Attorney, PLLC
7412 East Black Rock Road
Scottsdale, Arizona 85255
dennis@dlhall.net
602.740.5045

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ 85004-2322

By: /s/ John M. O'Neal
John M. O'Neal
Zachary S. Foster
John H. Contrera

*Attorneys for Defendant Mountainside Fitness Acquisitions, LLC*