Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Chet Michael Wilson, individually and
as representatives of the class,

                       Plaintiff,

     v.

Mountainside Fitness Acquisitions, LLC,

                       Defendant.

Case No. 2:25-cv-01481-MTL

**JOINT MOTION TO MODIFY**
**SCHEDULING ORDER AND EXTEND CASE DEADLINES**

Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant Mountainside Fitness Acquisition, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel, jointly move pursuant to Federal Rule of Civil Procedure 16(b)(4) for an order modifying the Court's February 18, 2026 Scheduling Order (Doc. 38) to extend the remaining case deadlines by ninety (90) days. Good cause exists for the requested modification because additional discovery remains to be completed, including

Defendant's production of relevant texting data, and Defendant recently served additional written and other discovery on Plaintiff. The requested extension will allow the Parties sufficient time to complete that discovery and address any issues arising from it before the close of fact discovery. In support of this Joint Motion, the Parties state as follows:

1. On February 18, 2026, the Court entered its Scheduling Order. (Doc. 38.)

2. The Parties have continued to move this case forward in accordance with the Scheduling Order. Several of the Court's case-management deadlines have already elapsed without the need for extension.

3. The Scheduling Order required any proposed joint stipulated protective order to be lodged by March 20, 2026. The Parties timely filed their initial Stipulation and Joint Motion for Protective Order on March 12, 2026 (Doc. 39), and, after the Court denied that filing without prejudice, promptly filed an Amended Stipulation and Joint Motion for Protective Order on March 18, 2026 (Doc. 41). The Court entered the Protective Order on April 8, 2026. (Doc. 43.)

4. The May 18, 2026 deadline for joining parties, moving to amend the pleadings, and filing supplemental pleadings has also passed. Neither Party seeks to reopen or extend that deadline.

5. The Scheduling Order further required the Parties to engage in good-faith settlement talks by June 19, 2026 and to file a joint report concerning those discussions within five working days thereafter. The Parties completed that process and filed their Joint Report Regarding Good Faith Settlement Talks on June 25, 2026. (Doc. 44.) Neither Party seeks to reopen or extend that deadline.

6.    The Parties have also proceeded with fact discovery. Under the Scheduling Order, fact discovery must presently be completed by September 25, 2026, and written discovery was required to be served at least forty-five days before that deadline. Defendant served additional discovery on August 4, 2026.

7.    Plaintiff requested a twenty-one (21) day extension of his deadline to respond to Defendant's recently served written discovery. The Scheduling Order expressly permits the Parties to agree in writing to extensions of discovery-response deadlines without Court approval, provided that such agreements do not alter the deadlines established by the Scheduling Order.

8.    Defendant has agreed to the requested twenty-one-day extension, provided that the case schedule is modified to allow sufficient time after Plaintiff's responses for the Parties to meet and confer regarding any discovery issues and, if necessary, present any unresolved dispute to the Court before fact discovery closes.

9.    That concern is particularly significant because the Scheduling Order provides that, absent extraordinary circumstances, the Court will not entertain fact-discovery disputes after the fact-discovery deadline.

10.    Additional material discovery also remains outstanding. In particular, Defendant is in the process of producing texting data relevant to Plaintiff's claims and has advised Plaintiff that it anticipates producing that data shortly.

11.    The Parties therefore require additional time to complete the outstanding discovery, review and evaluate the forthcoming texting-data production, conduct any

appropriate follow-up discovery and, if necessary, seek the Court's assistance sufficiently in advance of the close of fact discovery.

12.     The Parties have thus diligently pursued the case and are not seeking to revisit deadlines that have already passed. Rather, the requested modification is directed to the remaining deadlines so that the discovery still underway can be completed without compressing the later expert, class-certification, mediation, and dispositive-motion phases of the case.

13.     The Scheduling Order presently establishes the following remaining deadlines, which the Parties jointly request be extended by ninety (90) days:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Completion of Fact Discovery | September 25, 2026 | December 24, 2026 |
| Plaintiff's Expert Disclosures | October 26, 2026 | January 24, 2027 |
| Plaintiff's Motion for Class Certification | November 9, 2026 | February 7, 2027 |
| Joint Mediation Plan | November 13, 2026 | February 11, 2027 |
| Defendant's Response to Class-Certification Motion | November 23, 2026 | February 21, 2027 |
| Defendant's Expert Disclosures | November 25, 2026 | February 23, 2027 |

| | | |
|---|---|---|
| Plaintiff's Reply in Support of Class Certification | November 30, 2026 | February 28, 2027 |
| Rebuttal Expert Disclosures | December 30, 2026 | March 30, 2027 |
| Completion of Expert Discovery | January 29, 2027 | April 29, 2027 |
| Dispositive Motions and Motions Challenging Expert Opinion Testimony | February 12, 2027 | May 13, 2027 |

14. The requested modification is sought jointly, in good faith, and not for purposes of delay. It leaves intact the case-management deadlines the Parties have already satisfied while providing sufficient additional time to complete the remaining discovery and subsequent phases of the case in an orderly manner.

15. No trial date has been set, and the requested modification will not disturb a presently scheduled trial.

Accordingly, the Parties respectfully request that the Court modify the February 18, 2026 Scheduling Order (Doc. 38) to adopt the revised deadlines set forth above. All other provisions of the Scheduling Order should remain in effect.

DATED this 14th day of August, 2026.

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.

-5-

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue Suite 600
Phoenix, AZ 85004-2322
By:  */s/ John M. O'Neal*
John M. O'Neal (015945)
John.Oneal@quarles.com
Zachary S. Foster (*Pro Hac Vice*)
Zachary.Foster@quarles.com
John H. Contrera (039704)
Jack.Contrera@quarles.com
*Attorneys for Defendant Mountainside Fitness Acquisition, LLC*

-6-